

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00074-CR

CARDAE ARTHUR DAVIS

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1390523D

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to an open plea agreement, the trial court convicted Appellant Cardae Arthur Davis of aggravated assault with a deadly weapon and sentenced him to four years' confinement. Davis appeals from that conviction and sentence. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

Davis was charged with one count of aggravated robbery with a deadly weapon, a first-degree felony, and one count of burglary. *See* Tex. Penal Code Ann. §§ 29.03, 30.02 (West 2011). Davis and the State reached an open plea agreement in which Davis agreed to plead guilty to the offense of aggravated assault with a deadly weapon, a second-degree felony and, as charged, a lesser-included offense of aggravated robbery with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02(b) (West 2011); *Zapata v. State*, 449 S.W.3d 220, 224–25 (Tex. App.—San Antonio 2014, no pet.). In exchange, the State agreed to waive the burglary count and to dismiss two other causes that were pending against him. Pursuant to the agreement, Davis pleaded guilty to aggravated assault with a deadly weapon, and after admonishing Davis in writing, the trial court accepted his guilty plea and recessed the proceeding for a presentence investigation report to be completed. After the presentence investigation report was prepared, the trial court held a sentencing hearing, found Davis guilty of aggravated assault with a deadly weapon, and sentenced him to four years' confinement. Davis now appeals.[2]

---

[2]We note that the trial court's certification of Davis's right to appeal in this case appears to show that the trial court first noted that this "is a plea-bargain case, and the defendant has NO right to appeal." *See* Tex. R. App. P. 25.2. However, the trial court marked through that notation and instead certified that this "is not a plea-bargain case, and the defendant has the right of appeal." We pause to clarify that the open plea agreement negotiated between Davis and the State recited above—commonly referred to as a charge bargain—constituted a plea bargain affecting punishment, and consequently, Davis could appeal only (1) those matters that were raised by written motion filed and ruled on before trial

Davis's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by an *Anders* brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). In the brief, counsel states that in his professional opinion, this appeal is frivolous and without merit. After Davis's counsel filed his motion to withdraw and *Anders* brief, we notified Davis and invited him to file a pro se response. Neither Davis nor the State filed a response to counsel's motion to withdraw or *Anders* brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we have an obligation to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record, the arguments raised in the *Anders* brief, and any issues the appellant points out in his pro se response. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*,

---

or (2) after getting the trial court's permission. *See* Tex. R. App. P. 25.2(a)(2); *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003).

206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we **GRANT**

counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 23, 2016